**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randy Louis MORALES–ROBLES,**
**Defendant–Appellant.**

**No. 01–50419.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2002.*

Filed Oct. 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**610**

Dennis J. Landin, Deputy Federal Public Defender, Los Angeles, CA, for the defendant-appellant.

Wesley L. Hsu, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before HUG, JR., BRUNETTI, and O'SCANNLAIN, Circuit Judges.

## OPINION

PER CURIAM.

Randy Louis Morales–Robles appeals his guilty plea conviction and 77 month sentence with three years supervised release for reentry after deportation in violation of 8 U.S.C. § 1326. Morales–Robles contends that the district court violated Fed.R.Crim.P. 11 by failing to advise him of his right to persist in his plea of not guilty and by not ensuring that he adequately understood the maximum sentence available under the law. He raises this issue for the first time on appeal.

■ If a defendant raises a Rule 11 error for the first time on appeal, the defendant may only obtain reversal by showing that there was plain error. *United States v. Jimenez–Dominguez*, 296 F.3d 863, 866 (9th Cir.2002); *United States v. Vonn*, 294 F.3d 1093, 1093 (9th Cir.2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Even assuming that there was plain error, the burden is on the defendant to demonstrate that the error affected his substantial rights. *Jimenez–Dominguez*, 296 F.3d at 866–867. Because the district court informed Morales–Robles of the rights associated with his right to go to trial, including his right to a speedy and public trial, his right to call witnesses, and his right against self-incrimination, the district court's failure to specifically indicate that he had the right to persist in his plea of not guilty is not reversible under the plain error standard because it did not affect his substantial rights. *United States v. Ray*, 828 F.2d 399, 414 (7th Cir. 1987) (The court's detailed explanation of the rights attendant to a jury trial indicated that the defendant was undoubtedly aware of his right to persist in his plea of not guilty.); *United States v. Deal*, 678 F.2d 1062, 1068 (11th Cir.1982) (Although the court did not explicitly advise the defendant of his right to plead not guilty, the defendant understood he did have a right to a jury trial with its procedural protections and that by pleading guilty he waived these rights.); *United States v. Saft*, 558 F.2d 1073, 1080 (2d Cir.1977) (The judge made the defendant fully aware of his right to persist in his plea of not guilty by asking the defendant if he understood that if he did not plead guilty to the charges he would have a right to a speedy and public trial by a jury at which he would be presumed innocent.).

■ We also review under the plain error standard Morales–Robles's contention that he did not understand from the Rule 11 colloquy the maximum sentence available. During the plea colloquy, Morales–Robles indicated he was aware of the maximum penalty provided and that he had no questions as to the consequences of his plea. Further, the government stated the

maximum sentence to be twenty years during the plea colloquy and Morales–Robles was ultimately sentenced to a term of less than twenty years. Thus, his substantial rights were not affected. *See United States v. Alber,* 56 F.3d 1106, 1109(9th Cir.1995) (Under the harmless error analysis a plea will not be vacated if before the defendant pleads guilty, he knows that he could be sentenced to a term as long as the one he actually receives.); *United States v. Jordan,* 291 F.3d 1091, 1095–96 (9th Cir. 2002) (The substantial rights analysis under plain error is similar to a harmless error analysis except that under the plain error analysis the burden to show prejudice is on the defendant not the government.).

For the foregoing reasons, we affirm the conviction.

AFFIRMED.