UNITED STATES of America, Plaintiff—Appellee,

v.

Lorenzo HERNANDEZ–OLIVARES, aka Lorenzo Olivares Hernandez, Defendant—Appellant.

No. 01–50566.

D.C. No. CR–00–01235–MMM–1.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 20, 2002.*

Decided Feb. 26, 2003.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Lorenzo Hernandez–Olivares pled guilty to being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. He contends that the district court violated Fed.R.Crim.P. 11 by failing to advise him of his right to persist in his plea of not guilty. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

If a defendant raises a Rule 11 error for the first time on appeal, the defendant may obtain reversal only by showing that there was plain error and the error affected his substantial rights. *United States v. Jimenez–Dominguez*, 296 F.3d 863, 866–67 (9th Cir.2002), cert. denied, —— U.S. ——, 123 S.Ct. 984, 154 L.Ed.2d 905 (2003).

Because the district court informed Hernandez–Olivares of the rights associated with his right to go to trial (including his right to a speedy and public trial, his right to call witnesses, his right against self-incrimination, his right to subpoena witnesses, and his right to counsel) the district court's failure to specifically indicate that he had the right to persist in his plea of not guilty is not reversible under the plain error standard because, even assuming that there was plain error, the defendant has not demonstrated that the error affected his substantial rights. *United States v. Morales–Robles*, 309 F.3d 609, 610 (9th Cir.2002) (per curiam).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).