UNITED STATES of America,
Plaintiff–Appellee,

v.

Edgar Roberto BRAN, aka Roberto
Dran, Defendant–Appellant.

No. 02–50225.

D.C. No. CR–00–01321–AHM–3.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

Before LEAVY, HAWKINS, and
RAWLINSON, Circuit Judges.

MEMORANDUM**

Edgar Roberto Bran appeals his conviction by unconditional guilty plea to one count of conspiracy to possess pseudoephedrine, knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(d)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and dismiss in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Bran contends that the district court violated Fed.R.Crim.P. 11 by failing to sufficiently inform him about the charge to which he was pleading guilty. Because Bran failed to object in the district court, we review for plain error. *United States v. Minore,* 292 F.3d 1109, 1115, 1117 (9th Cir.2002). Upon review of the record, we find no error because in addition to the prosecutor reading the terms of the plea agreement and the elements of the crimes to which Bran was pleading in open court, the district court engaged in a lengthy colloquy with Bran to ascertain whether he understood the terms of the agreement, the elements of the crimes to which he was pleading guilty, and the ramifications of his plea. *See United States v. Siu Kuen Ma,* 290 F.3d 1002, 1005 (9th Cir.2002) (finding no plain error where defendant stated that prior to plea hearing, she had read and understood plea agreement, prosecutor summarized terms of agreement in open court, and the district court ascertained that she understood the essential elements of the charges).

Bran also contends that district court violated Fed.R.Crim.P. 11 by failing to inform him of his continuing right to plead not guilty. We find no plain error because the district court informed Bran of his right to a presumption of innocence, the right to require the government to prove the case beyond a reasonable doubt, the right to cross examine government witnesses, the right to testify or to remain silent, the right to subpoena witnesses, and the right to a public jury trial. *See United States v. Morales–Robles,* 309 F.3d 609, 610 (9th Cir.2002) (finding no plain error where district court advised defendant of rights subsumed in enumerated right to have a trial).

Because Bran entered an unconditional guilty plea pursuant to a plea agreement, we dismiss the remainder of Bran's appeal. *See United States v. Reyes–Platero,* 224 F.3d 1112, 1114–15 (9th Cir.2000) (internal quotation omitted) ("[a]n unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects").

AFFIRMED in part; DISMISSED in part.