WARDLAW, Circuit Judge.
 

 Alex Barragan-Espinoza appeals his conviction and sentence following his plea of guilty for conspiracy to distribute methamphetamine, cocaine, and heroin in violation of 21 U.S.C. § 846. The district court sentenced Barragan-Espinoza to 360 months’ imprisonment, followed by 5 years of supervised release. The court’s sentence incorporates enhancements under U.S.S.G. § 3B1.1(a) (Role in the Offense), U.S.S.G. § 5K2.4 (Abduction or Unlawful Restraint), and U.S.S.G. § 5K2.8 (Extreme Conduct). Barragan-Espinoza argues that the district court (1) violated Federal Rules of Criminal Procedure 11 at the plea colloquy by failing to inform him of the possibility that his sentence may be enhanced through upward departures, and (2) departed to an unreasonable extent from the Guidelines’ sentencing range by applying sentence enhancements under §§ 5K2.4 and 5K2.8 for acts neither alleged in, nor relative to, the charged conspiracy.
 
 [1]
 
 Because the district court’s plea colloquy satisfied Rule ll’s notice and in
 
 *929
 
 formation requirements and the court’s upward departures were factually and legally sound, we affirm Barragan-Espinoza’s conviction and sentence.
 

 BACKGROUND
 

 Between October and November 2001, Barragan-Espinoza, Francisco Alvarez-Zamora, Miguel Angel Rubio-Zamora, and Samuel Alvarez-Zamora distributed drugs throughout the state of Montana. The epicenter of this drug distribution operation was in Missoula, Montana.
 

 On October 17, 2001, Barragan-Espino-za attended a party in Missoula where he met Jamie Lee Crawford. Crawford willingly accompanied Barragan-Espinoza on what she believed to be a beer purchase, but Barragan-Espinoza instead took her to the Super 7 Motel in downtown Missou-la. Crawford spent that night, and the next four nights, with Barragan-Espinoza against her will. Over this period of time, Barragan-Espinoza forced Crawford to have intercourse with him one or two times per day. Barragan-Espinoza also coerced Crawford to participate in numerous drug sales and required that she carry the drugs in her bra.
 

 JURISDICTION AND STANDARD OF REVIEW
 

 We have jurisdiction pursuant to 28 U.S.C. § 1291, due to the entry of a final judgment by the district court on July 30, 2002. We review
 
 de novo
 
 the adequacy of the Rule 11 plea colloquy,
 
 United States v. Minore,
 
 292 F.3d 1109, 1115 (9th Cir.2002),
 
 cert. denied,
 
 537 U.S. 1146, 123 S.Ct. 948, 154 L.Ed.2d 848 (2003), but we review for plain error alleged violations of the rule raised for the first time on appeal.
 
 United States v. Pena,
 
 314 F.3d 1152, 1155 (9th Cir .2003).
 

 Before Congress enacted the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (“PROTECT Act”), Pub.L. No. 108-21, 117 Stat. 650 (2003), we reviewed Guidelines departures for an abuse of discretion.
 
 See United States v. Sabían,
 
 114 F.3d 913, 916 (9th Cir.1997)
 
 (en banc).
 
 Section 401(d) of the PROTECT Act now requires that we review
 
 de novo
 
 the propriety of the district court’s departures.
 
 See
 
 18 U.S.C. § 3742(e). “Because we would affirm under either a
 
 de novo
 
 standard or an abuse of discretion standard,” we decline to decide whether the PROTECT Act applies to appeals, like this one, “that were pending on the date of its enactment, April 30, 2003.”
 
 United States v. Semsak,
 
 336 F.3d 1123, 1125 (9th Cir. 2003). The extent of a departure, however, is reviewed for abuse of discretion.
 
 See United States v. Alfaro,
 
 336 F.3d 876, 880-81 (9th Cir.2003) (explaining that the PROTECT Act did not alter this standard of review).
 

 DISCUSSION
 

 I. Rule 11
 

 The plea colloquy between Barragan-Espinoza and the district court satisfied the requirements set forth in Federal Rules of Criminal Procedure 11. Rule 11 requires the trial court to “address the defendant personally and in open court ... and inform [him] of, and determine that the defendant understands ... the maximum possible penalty provided by law_”
 
 United States v. Barrios-Gutierrez,
 
 255 F.3d 1024, 1026 (9th Cir.)
 
 (en banc), cert. denied,
 
 534 U.S. 1030, 122 S.Ct. 567, 151 L.Ed.2d 441 (2001). Although Rule 11 demands that the district court impart the “maximum
 
 possible
 
 penal
 
 *930
 
 ty,” Fed.R.Crim.P. 11(c)(1) (emphasis supplied), it “does not require that the district court announce authoritatively the
 
 actual
 
 maximum sentence at the plea-taking stage.”
 
 Barrios-Gutierrez,
 
 255 F.3d at 1027-28 (emphasis in original). Indeed, such a pronouncement would not be possible because “[a]t every plea hearing, a great deal of uncertainty remains as to what the sentence will be.”
 
 Id.
 
 at 1027. Often, it is not until the United States Probation Office issues its pre-sentence report and the parties have an opportunity to object to its findings, that the key sentencing factors become apparent. Because Barragan-Espinoza raised no Rule 11 objection before the district court, we review for plain error.
 
 Pena,
 
 314 F.3d at 1155.
 

 The district court fully complied with Rule ll’s dictates. During the plea colloquy, the court informed Barragan-Espinoza that he could be sentenced for life in prison under a guilty plea. “[BarraganEspinoza] indicated he was aware of the maximum penalty provided and that he had no questions as to the consequences of his plea.”
 
 United States v. Morales-Robles,
 
 309 F.3d 609, 610 (9th Cir.2002). Therefore, the district court committed no error in relating to Barragan-Espinoza the maximum possible sentence, let alone plain error.
 

 To the extent that Barragan-Espinoza argues that the plea colloquy failed to provide him with notice of the possibility for an enhancement, or failed to discuss specific guideline adjustments, we find his position legally and factually untenable. Rule ll’s advisory committee notes explicitly state that the rule “does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant.” Fed. R.Crim.P. 11(c)(1) Advisory Committee Notes (1989). Moreover, contrary to Bar-ragan-Espinoza’s assertions, the district court did provide notice of the possibility that it might depart from the guidelines. The court asked: “Do you know that I can sentence you to more than what the guidelines recommend if I say why I’m doing it on the record?” Barragan-Espi-noza responded in the affirmative.
 
 Id.
 
 The district court conducted a thorough and detailed plea colloquy with Barragan-Espinoza that complied with Rule ll’s notice and information requirements.
 

 II. Sentence Enhancements under U.S.S.G. § 5K2.4 and U.S.S.G. § 5K2.8
 

 A. Section 5K2.4 — Abduction or Unlawful Restraint
 

 Guideline § 5K2.4, entitled “Abduction or Unlawful Restraint,” authorizes courts to depart:
 

 If a person was abducted, taken hostage, or unlawfully restrained to facilitate commission of the offense or to facilitate the escape from the scene of the crime, the court may increase the sentence above the authorized guideline range.
 

 U.S.S.G. § 5K2.4. The district court found that § 5K2.4 applied to Barragan-Espino-za’s conduct, stating that “[w]ith respect to § 5K2.4 ... it’s my belief that by clear and convincing evidence in this case that Alex Barragan-Espinoza had [Crawford] presented to him ... that she was not free to go, that she was, in fact, in fear of her situation.” In addition, the court determined that “[Barragan-Espinoza] forced her to engage in the distribution of drugs by putting the drugs in her bodily garments, against her will, and made her facilitate the commission of the offense.”
 
 *931
 
 Thus, the court concluded that Barragan-Espinoza “used [Crawford] in a manner to facilitate the commission of the offense ... and [found] that there’s sufficient basis to make a three-level upward adjustment in this case [under § 5K2.4].” This finding, fully supported by the record, was not erroneous.
 

 Barragan-Espinoza’s argument to the contrary relies on how superseded precedent. Specifically, Barragan-Espinoza cites
 
 United States v. Lawton,
 
 193 F.3d 1087 (9th Cir.1999),
 
 United States v. Faulkner,
 
 952 F.2d 1066 (9th Cir.1991), and
 
 United States v. Castro-Cervantes,
 
 927 F.2d 1079 (9th Cir.1990), for the proposition that “[u]ncharged and dismissed conduct being used for an upward departure is unlawful.” But Amendment 604 to the Guidelines, effective November 1, 2000, plainly permits sentencing courts to consider as a basis for an upward departure aggravating conduct that is dismissed or not charged in connection with a plea agreement. See U.S.S.G. App. C, para. 604 (2001); U.S.S.G. § 5K2.21 (stating that courts may consider conduct “underlying a charge dismissed as part of a plea agreement in the case ... that did not enter into the determination of the applicable guideline range”).
 

 Because the Guidelines permit courts to “consider, without limitation, any information concerning the background, character and conduct of the defendant,” U.S.S.G. § 1B1.4, the district court did not err in applying a three-level upward departure based upon Barragan-Espinoza’s alleged abduction of Crawford.
 
 See United States v. Nakagawa,
 
 924 F.2d 800, 804 (9th Cir. 1991) (“[T]he guidelines d[o] not limit the court to elements of the charged offense as possible grounds for departure.”).
 

 B. Section 5K2.8 — Extreme Conduct
 

 Nor did the district court err in departing three levels from the Guidelines under U.S.S.G. § 5K2.8 after finding there to be “clear and convincing evidence that ... Alex Barragan-Espinoza raped Jamie Crawford on at least ten occasions over a five-day period.” Under § 5K2.8, a district court may depart upward from the Guideline range:
 

 If the defendant’s conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.
 

 U.S.S.G. § 5K2.8.
 

 Barragan-Espinoza’s conduct was “unusually heinous, cruel, and brutal” and warranted a three-level upward departure under § 5K2.8. After a careful review of the evidence, the district court concluded that clear and convincing evidence established that Barragan-Espinoza repeatedly forced Crawford to engage in sexual relations against her will. This determination is supported by the record. The repeated sexual assault of an abductee is precisely the sort of “extreme conduct” contemplated by § 5K2.8.
 
 See
 
 18 U.S.C. § 3553(b). Thus, the district court committed no error in departing upward three-levels under § 5K2.8.
 

 C. Extent of Departures
 

 The district court did not abuse its discretion with regard to the extent of
 
 *932
 
 the upward departures under §§ 5K2.4 and 5K2.8.
 
 See Alfaro,
 
 336 F.3d at 880-81. “Every departure must be ‘reasonable’ in extent.”
 
 United States v. Working,
 
 287 F.3d 801, 806 (9th Cir.2002). In reviewing the reasonableness of the extent of a departure from the guidelines range, we require a district court to explain the basis for the departure “in sufficiently specific language to allow appellate review.”
 
 United States v. Working,
 
 224 F.3d 1093, 1102 (9th Cir.2000)
 
 (en
 
 banc). “[W]here ... a district court sets out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed.”
 
 Sabían,
 
 114 F.3d at 919.
 

 The district court adequately explained its decision to make a three-level upward adjustment under both § 5K2.4 and § 5K2.8, resulting in an actual sentence increase of approximately 180 months (twice the sentence prior to enhancement). The court determined that clear and convincing evidence established that Barragan-Espinoza had unlawfully restrained Crawford while forcing her to participate in drug sales and repeatedly raped her over a period of five days. These findings, which provide more than adequate justification for the extent of the departures, were made with sufficient clarity to allow appellate review.
 
 See Working,
 
 224 F.3d at 1102.
 

 CONCLUSION
 

 Barragan-Espinoza’s plea colloquy satisfied the notice and information requirements of Rule 11. In addition, the court’s upward departures under Guidelines sections 5K2.4 and 5K2.8 were both factually and legally warranted, as was the extent of the departures. We, therefore, AFFIRM Barragan-Espinoza’s conviction and sentence.
 

 [1]
 

 . Although Barragan-Espinoza initially challenged the district court's sentence enhancement for a leadership role under U.S.S.G. § 3Bl.l(a), counsel withdrew this issue at oral argument. In any event, the district court did not clearly err in determining that Barragan-Espinoza was an "organizer or leader” under U.S.S.G. § 3B1.1. See
 
 United
 
 
 *929
 

 States v. Lopez-Sandoval,
 
 146 F.3d 712, 716 (9th Cir. 1998).