**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Curtis R. MARTIN, Jr., Defendant—Appellant.**

**No. 03–10438.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2005.

Decided Aug. 18, 2005.

Robert Steven Lapham, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Curtis R. Martin, Jr., Taft, CA, pro se.

Christopher J. Cannon, Esq., for Defendant–Appellant.

Before: BRIGHT,* TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Curtis R. Martin, Jr., appeals the 162–month sentence he received following his plea of guilty. We remand Martin's sentence to the district court under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

Because the parties are familiar with the facts, we include them here only as necessary to our disposition. In 1998, Martin established a company that he claimed was a subsidiary of a large Hong Kong corporation. He used this company to secure multimillion-dollar lines of credit from financial institutions for the purpose of leasing computers. Once he took possession of the computers, however, Martin would sell them at drastically discounted rates and reinvest the proceeds in another business venture. After this scheme was exposed, Martin pled guilty to one count of mail fraud, one count of wire fraud, one count of interstate transportation of fraudulently obtained property, and one count of money transactions in criminally derived property. He was originally sentenced to 188 months' imprisonment. We vacated that sentence, *United States v. Martin*, 278 F.3d 988 (9th Cir.2002), and the district court resentenced him to a term of 162 months' imprisonment.

Martin brings a number of challenges to his sentence, all of which we reject. Martin's primary challenge is that his sentence violated the Sixth Amendment because it was based on a judge-made finding that he caused over $2.5 million in losses to his victims. That argument, however, rested on the assumption that the sentencing guidelines were mandatory. Because the Supreme Court has since ruled that the guidelines are advisory, *see United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the nature of the question we are presented with has changed. We answer the question now posed—whether there is adequate evidence in the record to support the district court's finding that Martin caused more than $2.5 million in losses—in the affirmative. To ensure that Martin's

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sentence was not the result of a Sixth Amendment violation, however, we remand to the district court for a determination of whether it would have imposed a different sentence on Martin had it known that the guidelines were advisory, rather than mandatory. *See Ameline,* 409 F.3d at 1084–85.

Martin also contests the district court's decision to impose a two-level upward departure to his criminal history category. This court, however, already determined in Martin's initial appeal that an upward departure was warranted, and Martin has provided no reason to disturb this law of the case. *See Martin,* 278 F.3d at 1002 (finding prior convictions both similar to the offense of conviction and serious, and affirming one-level upward departure); *United States v. Smith,* 389 F.3d 944, 948 (9th Cir.2004) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."); *United States v. Alexander,* 106 F.3d 874, 876 (9th Cir.1997) (a court has discretion to depart from law of the case only where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence ... is substantially different; 4) other changed circumstances exist").

■ We also reject Martin's challenge to the extent of the district court's criminal history departure. A district court has discretion in determining the appropriate amount of a departure. *See United States v. Barragan–Espinoza,* 350 F.3d 978, 981 (9th Cir.2003). In addition to finding that Martin's criminal history category underrepresented the seriousness of his criminal history, the district court also found that he presented a high likelihood of recidivism, a separate grounds for departure. *United States v. Connelly,* 156 F.3d 978,

985 (9th Cir.1998) ("Departure is also justified purely on the basis of Defendant's likelihood of recidivism."). Under these circumstances, we cannot say that the district court abused its discretion.

■ We also reject Martin's argument that the trial judge improperly used materials obtained in violation of the Fair Credit Reporting Act ("FCRA") for sentencing purposes.[1] Martin's guilty plea—which he does not argue was involuntary—supercedes any claims he has against defects in the prosecution of his case, even those of constitutional magnitude. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1963); *United States v. Reyes–Platero,* 224 F.3d 1112, 1114–15 (9th Cir.2000).

Finally, we reject Martin's renewed request that his case be remanded to a new judge. Martin's claim that the trial judge was biased was rejected by the prior panel, and the only additional evidence of bias that Martin raises on this appeal is the district court's two-level upward departure. As we have concluded that that departure was fully justified, it is plainly insufficient to support Martin's claim of bias.

For the foregoing reasons, we remand to the district court for a determination of whether Martin's sentence was materially affected by its belief that the sentencing guidelines were mandatory. As noted in *Ameline,* Martin should be provided with the opportunity to forego such a determination if he desires. *See Ameline,* 409 F.3d at 1084.

REMANDED.

---

1. We review the denial of a motion to suppress evidence *de novo. United States v. Meek,*

366 F.3d 705, 711 (9th Cir.2004).