**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Anastacio FLORES–FLORES,
Defendant–Appellant.**

No. 05–50890.

United States Court of Appeals,
Ninth Circuit.

Submitted July 25, 2006.*

Filed Aug. 2, 2006.

_____

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jodi D. Thorp, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Anastacio Flores–Flores appeals his conviction by guilty plea and sentence for

alien smuggling. *See* 8 U.S.C. § 1324(a)(1)(A)(i). We affirm.

■ (1) Flores first contends that the district court erred when it failed to conduct a competency hearing. We disagree. The record does not demonstrate that the district court should have had a good faith doubt about Flores' competency. *See* 18 U.S.C. § 4241(a); *United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir.2004), *amended by* 425 F.3d 1248 (9th Cir.), *cert. denied*, 544 U.S. 1043, 125 S.Ct. 2286, 161 L.Ed.2d 1077 (2005); *see also United States v. Lewis*, 991 F.2d 524, 527–28 (9th Cir.1993); *Hernandez v. Ylst*, 930 F.2d 714, 716–18 (9th Cir.1991).

■ (2) Flores next argues that he should have been allowed to withdraw his guilty plea because there was a fair and just reason for doing so. *See* Fed. R.Crim.P. 11(d)(2)(B); *United States v. Davis*, 428 F.3d 802, 805 (9th Cir.2005) (holding that the denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion). He argues that, despite its general care in taking the plea, the district court omitted some parts of the colloquy required by Rule 11. The district court did err, but on this record those omissions were minor and technical. They did not affect any of Flores' substantial rights. *See United States v. Jimenez–Dominguez*, 296 F.3d 863, 866–68 (9th Cir. 2002); *see also United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir.2003). Additionally, Flores asserts that a mental capacity evaluation, which was conducted after his plea, supplied a reason for withdrawal. However, on this record, nothing in that evaluation supplied a fair and just reason for withdrawal of the plea. *See United States v. Ortega–Ascanio*, 376 F.3d 879,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

883 (9th Cir.2004). Indeed, in context, the request to withdraw looks like a mere change of heart. *See United States v. Rios–Ortiz,* 830 F.2d 1067, 1069 (9th Cir. 1987). The district court did not abuse its discretion when it denied the motion.

(3) Flores then argues that the district court's decision to "depart upward" from the Guideline range was improper because Flores did not have notice of the departure ground. However, the presentence report clearly outlined the ground as a possible basis for departure. *Cf. United States v. Evans–Martinez,* 448 F.3d 1163, 1166–67 (9th Cir.2006). That was sufficient notice. *See United States v. Ramirez Acosta,* 895 F.2d 597, 601 (9th Cir. 1990); *see also Burns v. United States,* 501 U.S. 129, 138–39, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991).

(4) Finally, Flores asserts that the sentence was unreasonable. It was not The district court could increase Flores' sentence on the basis of uncharged conduct. *See United States v. Barragan–Espinoza,* 350 F.3d 978, 983 (9th Cir.2003); *see also United States v. Loveday,* 922 F.2d 1411, 1417 (9th Cir.1991). It was not required to submit sentencing facts to a jury. *See United States v. Ameline,* 409 F.3d 1073, 1077–78 (9th Cir.2005)(en banc). Moreover, the district court sufficiently explained the basis for the sentence imposed. *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006); *see also United States v. Sablan,* 114 F.3d 913, 919 (9th Cir.1997) (en banc).

AFFIRMED.