MEMORANDUM **
Defendant-appellant Mostafa Minai appeals the district court’s imposition of a five-year prison sentence following revocation of his probation. Minai claims that (1) his probation violation admission was invalid because the court misstated the maximum sentence; (2) his due process rights were violated by the court’s consideration of hearsay evidence; and (3) the sentence imposed was procedurally erroneous and substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Because Minai challenges the adequacy of his admission for the first time on appeal, this court’s review is limited to plain error. See United States v. Barragan-Espinoza, 350 F.3d 978, 981 (9th Cir.2003). “Whether a defendant has received due process at a revocation proceeding is a mixed question of law and fact we review de novo.” United States v. Perez, 526 F.3d 543, 547 (9th Cir.2008). The district court’s decision to admit hearsay evidence at a sentencing hearing is reviewed for an abuse of discretion. See United States v. Berry, 258 F.3d 971, 976 (9th Cir.2001). The sentence imposed by the district court is reviewed “under a deferential abuse-of-discretion standard,” and will be set aside only if “procedurally erroneous or substantively unreasonable.” United States v. Carty, 520 F.3d 984, 988, 993 (9th Cir.2008) (en banc).
*252 1. Minai’s Admission to a Probation Violation Was Valid
Minai complains that, because the district court erroneously advised him that the maximum sentence was two years, his admission to the probation violation was not knowing and intelligent. Federal Rule of Criminal Procedure 32.1(b), however, does not require the judge to inform the defendant of the statutory maximum penalty prior to accepting an admission of a probation violation. Nor do the protections of Federal Rule of Criminal Procedure 11 and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), apply to admissions of probation violations. See United States v. Segal, 549 F.2d 1293, 1295-1301 (9th Cir.1977). Moreover, the record indicates that Minai was aware that the maximum sentence was in fact five years: the Magistrate Judge so advised him at his Plea Hearing, and the accurate maximum was included in both the Plea Agreement and the Presentence Report. Consequently, any error in misstating the maximum sentence was harmless. See United States v. Alber, 56 F.3d 1106, 1109-10 (9th Cir.1995).
2. Minai’s Due Process Rights Were Not Violated
Minai has a due process right to confront witnesses against him in probation revocation proceedings, subject to the government’s good cause for denying that right. See Perez, 526 F.3d at 548; United States v. Hall, 419 F.3d 980, 986 (9th Cir.2005). Because the hearsay evidence in question contained sufficient indicia of reliability and was not crucial to the court’s sentencing decision, and because Minai does not challenge the truth of the evidence, his interest in confrontation is weak and is outweighed by the government’s good cause for admitting the evidence. See Hall, 419 F.3d at 986, 988.
3.Minai’s Sentence Was Reasonable and Free from Procedural Error
This court will set aside the sentence imposed by the district court only if it is “procedurally erroneous or substantively unreasonable.” Carty, 520 F.3d at 993. Minai’s argument that the district court committed procedural error by considering an impermissible factor-promoting respect for the law—is meritless: Minai confused 18 U.S.C. § 3583(e), governing supervised release proceedings, with § 3565(a), which applies to probation revocation proceedings. Section 3565(a) requires the district judge to “consider[ ] the factors set forth in section 3553(a) [including promoting respect for the law] to the extent that they are applicable.”
Nor was the sentence imposed on Minai substantively unreasonable. The district court explicitly considered the advisory Guidelines and the Chapter 7 policy statements, and provided sufficient reasons for imposing a sentence at the statutory maximum. See Carty, 520 F.3d at 992; United States v. Garcia, 323 F.3d 1161, 1165 (9th Cir.2003).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.