**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50397 |
| Plaintiff - Appellee, | D.C. No. CR-05-00578-JFW |
| v. | |
| ESPIRIDION ARANDA, aka; Seal D; Pete Josui; Antonio Marmolejo and Peety, | |
| Defendant - Appellant. | |
| UNITED STATES OF AMERICA, | No. 07-50500 |
| Plaintiff - Appellee, | D.C. No. CR-05-00578-JFW-10 |
| v. | |
| JAVIER MARTINEZ COVARRUBIAS, | REDACTED MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

----

[*]    An unredacted Memorandum was filed under seal on April 13, 2010.
This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

Argued and Submitted April 8, 2010
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN,[**] District Judge.

Javier Covarrubias and Esperidion Aranda appeal their convictions based on errors at their Federal Rule of Criminal Procedure 11 plea colloquies. They also appeal the district court's denial of their respective motions to withdraw their guilty pleas. [REDACTED] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the adequacy of a Rule 11 plea colloquy de novo. *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008). A Rule 11 mistake not preserved by timely objection below is subject to plain error review. *Id.* But when a Rule 11 mistake is raised below as a basis for withdrawal of a guilty plea, we review for harmless error. *United States v. Villalobos*, 333 F.3d 1070, 1074 (9th Cir. 2003). A district court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009).

Both Covarrubias and Aranda were misinformed at their plea colloquies that their sentences under 18 U.S.C. § 924(c) would run concurrently with their other

---

[**] The Honorable Frederick J. Scullin Jr., Senior United States District Judge for the Northern District of New York, sitting by designation.

sentences. The statute requires that any sentence imposed thereunder run consecutively to any other sentence. 18 U.S.C. § 924(c)(1)(D)(ii). The misstatements constituted error, but neither appellant is entitled to relief.

Because Covarrubias did not raise the error below, his claim is subject to plain error review. It is undisputed that in exchange for Covarrubias's guilty plea, entered after his capital trial had already begun, the government agreed not to seek the death penalty. Covarrubias has not shown that the concurrent versus consecutive nature of his sentences was a motivating factor for his plea; at his plea colloquy Covarrubias was repeatedly advised, and stated that he understood, that he would receive a life sentence no matter what. His substantial rights were not affected. *United States v. Morales-Robles*, 309 F.3d 609, 610 (9th Cir. 2002) (per curiam). Covarrubias's additional claims regarding other supposed Rule 11 deficiencies are unpersuasive.

Finally, Covarrubias argues that the district court abused its discretion in denying his motion to withdraw his plea. We disagree. The district court was entitled to rely on Covarrubias's statements at his plea colloquy that he was guilty and that there were no undocumented promises or threats inducing his plea. *Ross*, 511 F.3d at 1236. The district court did not abuse its discretion in discrediting Covarrubias's later claims that he was innocent and that he was pressured into pleading guilty.

3

Aranda also argues that the error regarding the misadvisement of the consecutive nature of the firearm sentence entitles him to relief. He raised the error below in his motion to withdraw his guilty plea; we therefore review for harmless error. The record reflects that the prosecutor accurately informed Aranda, in open court, that he faced a total thirty-year, mandatory-minimum sentence. Aranda affirmed that he understood. The plea agreement also explicitly states that Aranda was subject to a minimum sentence of thirty years. The error was clearly harmless. *See Morales-Robles*, 309 F.3d at 610.

Aranda also argues that the district court abused its discretion in denying his motion to withdraw his plea. We disagree. As we have explained already, the misadvisement of the consecutive nature of the firearm sentence could not have possibly affected Aranda's decision to plead guilty. This is because he was correctly told that he faced a minimum of thirty years in prison. Defense counsel's advice on how the sentence possibly could be reduced was nothing more than that — it was not a promise or even an incorrect statement of what was possible. [REDACTED]

AFFIRMED.