**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50329 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00913-L |
| v. | |
| LUIS MANUEL BARRAGAN-CAMARENA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Luis Manuel Barragan-Camarena appeals from his 10-month sentenced

imposed following his guilty-plea conviction for attempted entry after deportation,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barragan-Camarena contends that the district court procedurally erred by failing to calculate the Sentencing Guidelines range, failing adequately to explain the sentence, incorrectly adopting certain Sentencing Guidelines departures, and relying on erroneous factual findings. These contentions are belied by the record. The district court did not procedurally err. *Gall v. United States*, 552 U.S. 38, 49-51 (2007).

Barragan-Camarena also contends that the district court abused its discretion when it increased his sentence based on conduct related to a dismissed charge. The district court did not abuse its discretion when it relied on Barragan-Camarena's fraudulent use of an entry document to increase his sentence. *See* 18 U.S.C. § 3553(a)(1) (instructing courts to consider the nature and circumstances of the offense and the history and characteristics of the defendant); *United States v. Barragan-Espinoza*, 350 F.3d 978, 983 (9th Cir. 2003) (recognizing that *United States v. Lawton*, 193 F.3d 1087 (9th Cir. 1999) has been superceded, and holding that sentencing courts may consider aggravating conduct that is dismissed).

Finally, Barragan-Camarena contends that the ten-month sentence was substantively unreasonable because it was higher than necessary in light of the

circumstances, including his allegedly minimal criminal history and the need for deterrence and protection of the public. Given the factors set forth in 18 U.S.C. § 3553(a) and the totality of the circumstances, the sentence is not substantively unreasonable. *See Gall,* 552 U.S. at 41, 56-58.

**AFFIRMED**.