**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30159 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00133-RRB-1 |
| v. | |
| GREGORY DALE HAYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted August 30, 2012[**]
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Gregory Hayes appeals from his guilty plea convictions for conspiring to make

false statements in connection with the acquisition of firearms and two counts of being

a felon in possession of firearms, which resulted in a combined fifteen-year prison

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence—five years for conspiracy consecutive to concurrent ten-year terms for the felon-in-possession counts. He argues that the district court did not properly advise him of his maximum possible sentence before he pled guilty to the three counts. Because Hayes did not bring the claimed defect to the district court's attention, his conviction may be reversed only if the district court committed plain error. *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) (citing *United States v. Vonn*, 535 U.S. 55 (2002)). We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

Hayes concedes government counsel correctly stated during the plea colloquy that the maximum sentence Hayes could receive for conspiracy was five years and for each of his firearms possession counts was ten years. He focuses his appeal on the district court's subsequent statements that fifteen years was "the worst [Hayes] could do" if subject to sentencing under the Armed Career Criminal Act. Because those statements (1) did not imply, as Hayes argues, that the sentences for the three counts would run concurrently whether or not the Act applied, and (2) even if misleading, did not affect Hayes's substantial rights given that his actual sentence did not exceed

---

[1] In his notice of appeal, Hayes indicated he was appealing his sentence only, but in his briefs challenges only his convictions. Because the government was able to fully brief its responses to Hayes's conviction appeal arguments, it was not prejudiced by the deficient notice of appeal, and we may consider the merits of the claim. *See United States v. Yee Soon Shin*, 953 F.2d 559, 560-61 (9th Cir. 1992).

2

fifteen years, *see United States v. Morales-Robles*, 309 F.3d 609, 610-11 (9th Cir. 2002), there was no plain error.

**AFFIRMED.**