**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10131 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00058-OWW-2 |
| v. | |
| JENNIFER LYNN THURMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Submitted October 17, 2012[**]
San Francisco, California

Before: FISHER, TALLMAN, and CALLAHAN, Circuit Judges.

Defendant-Appellant Jennifer Lynn Thurman appeals her conviction by

guilty plea and her 120-year sentence for four counts of production of material

involving the sexual exploitation of minors, and of aiding and abetting such

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

production, in violation of 18 U.S.C. § 2251(b)(1)-(2).  We have jurisdiction under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, and we affirm.[1]

1.     Because Thurman failed to object to the district court's alleged procedural errors at sentencing in the district court, we review for plain error. *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2005).  In this case, the district court correctly calculated the sentencing range, explained that the Sentencing Guidelines were "advisory" and one of several factors to be considered, discussed the factors laid out in 18 U.S.C. § 3553(a), and explained why it was imposing a 120-year sentence.  *See United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010).

The district court properly treated the Sentencing Guidelines as advisory and properly considered the § 3553(a) sentencing factors.  Contrary to Thurman's arguments, that the district court discussed Thurman's mental capacity during its discussion of the § 3553(a) sentencing factors does not demonstrate that it treated the Guidelines as mandatory or that it failed to properly consider Thurman's history and characteristics as required by § 3553(a)(1).  Rather, the district court properly "remain[ed] cognizant of [the Guidelines] throughout the sentencing

_____

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

process." *Gall v. United States*, 552 U.S. 38, 50 n.6.

Furthermore, the district court did not err by failing to state expressly why it chose to impose consecutive sentences, rather than concurrent sentences, as it adequately justified its choice of the sentence as a whole with respect to the § 3553(a) factors. *See* 18 U.S.C. § 3584(b); *United States v. Fitfield*, 432 F.3d 1056, 1064-66 (9th Cir. 2005) (citing *United States v. Steffen*, 251 F.3d 1273, 1278-79 (9th Cir. 2001)).

2.      We review the substantive reasonableness of a sentence for abuse of discretion, regardless of whether the defendant objected to it in the district court. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2008). When a trial court properly applies the Sentencing Guidelines, "'it is probable that the sentence is reasonable.'" *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

Here, the district court properly applied the Guidelines and imposed a sentence within the applicable Guidelines range based on a reasonable application of the 18 U.S.C. § 3553(a) factors. Among other things, the court discussed Thurman's "indescribably horrible" conduct, the "need to protect the public," the victim's and family members' statements, the extreme psychological injury that the victims suffered, the need to avoid disparity in the sentences for Thurman and her

3

co-defendant, and Congress's intent to deter the sexual exploitation of children through increasing penalties. The court also explained that, based on the evidence, Thurman was not the powerless victim she purported to be. In addition, Thurman tried to prevent anyone from learning about her crimes and, when they did, she repeatedly disavowed having done anything wrong.

3.    We review for plain error objections to a change-of-plea hearing that a defendant raises for the first time on appeal. *United States v. Collins*, 684 F.3d 873, 881 (9th Cir. 2012). Our cases foreclose Thurman's two claims of error. First, a district court is not required to tell a defendant that she has a right to persist in a not guilty plea where, as here, the court adequately advises the defendant of the constitutional rights she will forfeit by pleading guilty. *United States v. Morales-Robles*, 309 F.3d 609, 610 (9th Cir. 2002) (per curiam). Second, a district court is not required to advise a defendant that her sentence on each count in the indictment could run consecutively, rather than concurrently. *United States v. Kikuyama*, 109 F.3d 536, 537-38 (9th Cir. 1997); *United States v. Wills*, 881 F.2d 823, 825-27 (9th Cir. 1989).

4.    We review *de novo* whether a defendant received ineffective assistance of counsel. *Heishman v. Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010). Ordinarily a defendant must raise ineffective assistance of counsel claims in a

petition under 28 U.S.C. § 2255, rather than on direct appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1155-56 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). However, we may consider claims "where the record on appeal is sufficiently developed to permit determination of the issue." *Jeronimo*, 398 F.3d at 1156. Because no further factual development is necessary to decide Thurman's claims, we may decide them here.

Thurman's counsel was not deficient for failing to object because the district court did not err during the change-of-plea and sentencing hearings. Nor was Thurman's counsel deficient for failing to file a sentencing memorandum; no authority required him to do so, and the actions he otherwise took to appraise the district court of Thurman's arguments were within "the wide range of professionally competent assistance."[2] *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Even if Thurman's lawyer had been deficient in failing to file a sentencing memorandum, Thurman has not established that she suffered prejudice.

_____

[2] Thurman's counsel secured a plea agreement from the government; filed preliminary objections to the PSR with the probation office; filed formal written objections with the district court; secured a psychological evaluation and a psychiatric evaluation; presented the psychiatrist and another witness during the sentencing hearing; and made lengthy arguments for a reduced sentence at the hearing.

She has not identified any argument that her attorney could have made in a sentencing memorandum that was not presented either in writing or during the sentencing hearing, or that could have had a reasonable probability of persuading the district court to impose a lower sentence.

**AFFIRMED**.