**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50475 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00967-JAK |
| v. | MEMORANDUM* |
| GORDON DRIVER, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted May 8, 2017
Pasadena, California

Before: KOZINSKI and OWENS, Circuit Judges, and SETTLE, District Judge**

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

1

1. Driver contends that his conviction for wire fraud constitutes an improper extraterritorial application of the statute. However, he failed to raise this objection below, and we therefore review for plain error. *United States v. Barragan-Espinoza*, 350 F.3d 978, 981 (9th Cir. 2003) ("[W]e review for plain error alleged violations of [Rule 11] raised for the first time on appeal."). Under this standard of review, Driver fails to show any error of law, much less one that is clear or obvious. *United States v. Walls*, 784 F.3d 543, 546 (9th Cir. 2015) (plain error standard of review). Although Driver claims that the focus of the wire fraud statute is the scheme to defraud, we held that "[t]he focus of [the mail and wire fraud statutes] is upon the misuse of the instrumentality of communication." *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001) (quoting *United States v. Alston*, 609 F.2d 531, 536 (D.C. Cir. 1979)). Therefore, we affirm the conviction.

2. Next, Driver contends that his sentence is procedurally unreasonable and that the district court's restitution calculation was flawed because the court considered foreign conduct in reaching its conclusions. Because Driver also failed to raise these objections below, we review for plain error. Under this standard,

Driver has failed to show that any error was clear or obvious. *Walls*, 784 F.3d at 546. Therefore, we affirm the sentence on procedural grounds.

3. Driver contends that his sentence is substantively unreasonable because the district court failed to consider all of the mitigating facts submitted in support of a more lenient sentence. Driver, however, has failed to provide any fact or argument supporting "a definite and firm conviction" that, in imposing the guidelines-range sentence, "the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc)).

**AFFIRMED.**