**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30239 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cr-00145-RHW-1 |
| v. | 2:19-cr-00145-RHW |
| JESSE MCKAY, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted February 10, 2022[**]
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Jesse McKay appeals the sentence imposed following his guilty plea to

assault resulting in serious bodily injury in Indian Country in violation of 18

U.S.C. §§ 113(a)(6) and 1153. McKay argues the district court erred by departing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

upward pursuant to U.S.S.G. § 5K2.21 because the court's factual finding that McKay sexually abused his cellmate was clearly erroneous and insufficient to support an upward departure. McKay also argues the court committed procedural error by applying an upward variance. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recite them here.

1. McKay argues the district court erred by departing above the Guidelines range pursuant to § 5K2.21. First, he argues the district court's factual findings were not supported by clear and convincing evidence because the Government failed to prove that sexual contact between McKay and his cellmate was not consensual. McKay also argues the findings were unsupported because the cellmate's testimony was not credible, as he had a history of lying to law enforcement. We disagree. The district court concluded the interaction was not consensual based on the victim's testimony. The district court recognized that the cellmate had no motive to lie at the time the incident was reported and that the cellmate's testimony was consistent with the record.

McKay further argues the dismissed conduct was insufficient to warrant an upward departure under § 5K2.21 because the dismissed conduct was too attenuated from the conduct of conviction. This court has held that sentencing courts may

depart upward based on "aggravating conduct that is dismissed or not charged in connection with a plea agreement." *United States v. Barragan-Espinoza*, 350 F.3d 978, 983 (9th Cir. 2003) (first citing U.S.S.G. App. C, ¶ 604 (2001); then citing U.S.S.G. § 5K2.21). While we have not clarified whether the dismissed conduct must be "meaningfully related" or "remotely related" to the offense of conviction, *compare United States v. Ellis*, 419 F.3d 1189, 1193 (11th Cir. 2005), *with United States v. Newsom*, 508 F.3d 731, 734–35 (5th Cir. 2007), the dismissed conduct in this case meets either standard because it shows the seriousness of the underlying charge in a manner not otherwise reflected in the conviction. McKay had a pattern of violently assaulting individuals in their sleep, and both the dismissed conduct and conduct that was the basis of the conviction concerned assaults on sleeping victims.

Further, the district court did not improperly focus on "propensity" in making its § 5K2.21 ruling because McKay's pattern of assault reflects the seriousness of the current crime. The district court did not double count his 2009 domestic-violence conviction in its § 5K2.21 ruling because the district court considered the conviction for McKay's pattern of attacking sleeping victims, not for the criminality of the act itself. *See United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008); We therefore find no error.

2.      Finally, McKay argues the district court committed procedural error by varying upward to the statutory maximum sentence because it based its upward variance on "clearly erroneous findings of fact." McKay argues the court gave: (1) conflicting explanations regarding whether it was applying a departure or a variance; and (2) failed to address specific 18 U.S.C. § 3553(a) factors articulated by the defense during sentencing (such as his history and circumstances). Again, we disagree. First, as discussed, the government proved the related conduct by "clear and convincing" evidence. Second, the district court's sentence is sufficiently clear for our review—the sentencing hearing transcript reflects that the court decided to "vary up" the sentence or, in the alternative, to apply an eight point upward departure. This is consistent with the district court's opinion. Finally, the district court undertook a holistic analysis of the § 3553(a) factors, including consideration of McKay's family and personal circumstances. We therefore find no error.

**AFFIRMED.**