UNITED STATES of America,
Plaintiff–Appellee,

v.

Phillip Dale SELFA,
Defendant–Appellant.

No. 89–10309.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 1990.

Decided June 14, 1990.

As Amended Dec. 7, 1990.

Certiorari Denied Nov. 26, 1990.

See 111 S.Ct. 521.

Judith Simms, Sacramento, Cal., for defendant-appellant.

Daniel S. Linhardt, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before HUG, SKOPIL and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

Appellant Phillip Selfa appealed his sentence under the Sentencing Guidelines following a plea of guilty to bank robbery, aiding and abetting, and conspiracy. Selfa had already been convicted of two prior bank robberies in violation of 18 U.S.C. § 2113(a), and as a result, Selfa was determined to be a career criminal under section 4B1.1 of the Guidelines and his sentence was enhanced.

Selfa's principal contention on appeal was that on this record, he should not have been sentenced as a career criminal under section 4B1.1. [2] Selfa argued that since he was unarmed and he neither harmed nor

threatened to harm anyone in any way during the robberies, they were not crimes of violence and that section 4B1.1 does not support a per se rule that all robberies are crimes of violence. [3] However, Selfa was twice convicted of violating section 2113(a) which requires, at the very least, either force and violence or intimidation. [4] The court held therefore, that persons convicted of section 2113(a) have been convicted of a crime of violence within the meaning of Guidelines section 4B1.1 and concluded that the elements of the crimes for which Selfa was previously convicted, and not his particular conduct on the day the crimes were committed, should control. The enhancement of Selfa's sentence under section 4B1.1 was not in error.

SCHROEDER, Circuit Judge:

Phillip Dale Selfa appeals his sentence under the Sentencing Guidelines following a plea of guilty to bank robbery, aiding and abetting, and conspiracy in violation of 18 U.S.C. §§ 371 and 2113(a). He was declared a career criminal pursuant to Sentencing Guidelines § 4B1.1 on the basis of two prior convictions for bank robbery under 18 U.S.C. § 2113(a). Selfa argues in this appeal that the career criminal determination should not have been made without a factual hearing. We affirm.

Selfa's plea in this case related to two bank robberies, one committed on January 24, 1989 and one on January 30, 1989. At that time, Selfa had already been convicted of two prior bank robberies in violation of 18 U.S.C. § 2113(a). That statute in relevant part prohibits bank robbery committed "by force and violence or intimidation." [1]

As a result of his prior convictions, Selfa was determined to be a career criminal under section 4B1.1 of the Sentencing Guidelines and sentenced to serve 210

---

1. The relevant portion of this section provided at the time Selfa was convicted of violating it:
   (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control,

management, or possession of, any bank, credit union, or any savings and loan association;

. . . . .

shall be fined not more than $5,000 or imprisoned not more than twenty years, or both. 18 U.S.C. § 2113(a) (1984).

months in prison and a period of three years supervised release. He was also ordered to make restitution of $2,101.

Selfa's principal contention in this appeal is that on this record he should not have been sentenced as a career criminal under section 4B1.1 of the Sentencing Guidelines. He contends that the record did not sufficiently establish that his prior bank robberies were crimes of violence.

Section 4B1.1 provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the incident offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) *the defendant has at least two prior felony convictions of either a crime of violence* or a controlled substance offense....

U.S.S.G. § 4B1.1 at 4.11 (November 1, 1989 ed.) (emphasis added). The Application Notes to this section state that " 'crime of violence' ... [is] defined in section 4B1.2." U.S.S.G. § 4B1.1 application note 1. Section 4B1.2 in turn provides in relevant part:

The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another,....

U.S.S.G. § 4B1.2(1). The Application Notes to this section indicate that " 'crime of violence' includes ... robbery...." U.S.S.G. § 4B1.2 application note 2.

■ Selfa argues that since he was unarmed in the two prior robberies, they were not crimes of violence. Section 4B1.2, however, does not define a crime of violence as requiring use of a weapon. He further contends that he neither harmed nor threatened to harm anyone in any way during the robberies, that none of his victims suffered any long-term effects from the robberies, and that section 4B1.2(1)(i) does not support a *per se* rule that all robberies are crimes of violence. He seeks a remand for an evidentiary hearing to determine whether his past convictions involved actual or threatened physical force.

The language of the application note to section 4B1.2 supports the government in this case. This court has previously quoted that language as authoritative in a different context. *See United States v. Borrayo,* 898 F.2d 91, 94 (9th Cir.1990) (noting that Sentencing Guidelines § 4B1.2 commentary indicates that robbery is a crime of violence).

We need not decide in this appeal, however, whether all robberies, regardless of the statute under which they are punished, should be considered *per se* crimes of violence. Selfa was twice convicted of violating that portion of 18 U.S.C. § 2113(a) which requires, at the very least, either "force and violence" or "intimidation." This court has defined "intimidation" under section 2113(a) to mean "wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." *United States v. Hopkins,* 703 F.2d 1102, 1103 (9th Cir.1983) (emphasis omitted), *cert. denied,* 464 U.S. 963, 104 S.Ct. 399, 78 L.Ed.2d 341 (1983), definition is sufficient to meet the section 4B1.2(1) requirement of a "threatened use of physical force." *See United States v. Maddalena,* 893 F.2d 815, 819 (6th Cir. 1989) ("The requirement that property be taken either 'by force and violence' or 'by intimidation' requires proof of force or threat of force as an element of the offense.").

■ We therefore hold that persons convicted of robbing a bank "by force and violence" or "intimidation" under 18 U.S.C. § 2113(a) have been convicted of a "crime of violence" within the meaning of Guideline Section 4B1.1. We conclude that the elements of the crimes of which the defendant was previously convicted, and not the particular conduct of the defendant on the day the crimes were committed, should control. Further satellite factual hearings should not be required as a matter of course in order to determine whether the defendant has previously been convicted of crimes of violence. As we observed in *United States v. Sherbondy,* 865 F.2d 996, 1008 (9th Cir.1988), "it is unlikely that Con-

gress would implicitly authorize, without any express language in [the statute], ad hoc mini-trials regarding an individual's prior criminal conduct. The problems with such hearings are evident. Witnesses would often be describing events years past. Such testimony is highly unreliable." The enhancement of Selfa's sentence under Sentencing Guidelines § 4B1.1 was not in error.[2]

■ Selfa also contends that he should have been advised at the time of his plea that he could be sentenced as a career criminal and for that reason his sentence must be vacated. However, under the Guidelines, the district court regrettably is usually not in a position at the time of a plea to advise the defendant with any precision as to the range within which the sentence might fall. This court has therefore recently held that the provisions of Rule 11 of the Federal Rules of Criminal Procedure are satisfied when the defendant is advised of the maximum statutory penalty and of the implications of sentencing under the Sentencing Guidelines. *United States v. Turner*, 881 F.2d 684, 687 (9th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989); *see also United States v. Henry*, 893 F.2d 46, 49 (3rd Cir.1990). Those standards were satisfied in this case.

■ Finally, we reject Selfa's argument that the district court abused its discretion in sentencing Selfa as a career criminal in light of the favorable letters sent to the sentencing judge on his behalf. The career offender Guideline provision does not bestow such discretion. *See* section 4B1.1.

AFFIRMED.

---

**2.** Section 2113(a) of 18 U.S.C. consists of two paragraphs. The first, quoted in footnote 1 *supra*, describes the taking or the attempt to take money or property from a bank by force or intimidation. The second paragraph describes an entry or attempt to enter a bank with intent to commit a felony in it. The second paragraph does not describe a crime of violence. In *United States v. Potter*, 895 F.2d 1231 (9th Cir.1990), we held that a defendant may not be convicted as a career offender where the presentence report indicates only that the defendant was previously convicted under an umbrella statute describing crimes of both violence and of nonviolence, and where the presentence report did not indicate under which subsection of the statute the defendant was convicted. In this case, however, the presentence report clearly shows that it was based upon a review of relevant portions of the record underlying the prior convictions, including a review of the charging documents, which showed that this defendant had been convicted of actual bank robbery pursuant to the first paragraph of 18 U.S.C. § 2113(a).