951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elton Bud RALSTON, Defendant-Appellant.
 No. 90-30228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elton Bud Ralston appeals his conviction by jury trial and sentence under the United States Sentencing Guidelines ("Guidelines") for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Ralston contends that the district court erred by refusing to instruct the jury on the offense of bank larceny and by sentencing him as a career offender under the Guidelines, and that his motion for continuance of sentencing should have been granted. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Jury Instructions
 
 
 4
 "Federal Rule of Criminal Procedure 31(c) provides that '[t]he defendant may be found guilty of an offense necessarily included in the offense charged.' Whether one offense is 'necessarily included' in another is reviewed de novo." United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989). We apply the "elements" test articulated in Schmuck v. United States, 489 U.S. 705 (1989) to determine whether an offense is a lesser included offense to the one charged. Gregory, 891 F.2d at 734. "Schmuck clearly requires that the elements of the lesser crime must form a subset of those of the charged offense...." Id.
 
 
 5
 Here, Ralston contends that the district court erred by refusing to give the jury his requested instruction on the offense of bank larceny as a lesser offense necessarily included in bank robbery. Ralston's argument is without merit because this court has explicitly determined that bank larceny is not a lesser included offense of bank robbery. See Gregory, 891 F.2d at 734. In Gregory, we applied the "elements" test and concluded that bank larceny, defined in 18 U.S.C. § 2113(b), contained a specific intent element which need not be proved in bank robbery. Id. Therefore, the district court did not err by refusing Ralston's requested instruction. See id.
 
 II
 Career Offender Status
 
 6
 This court reviews de novo the district court's determination that a defendant is a career offender under the Guidelines. United States v. Williams, 891 F.2d 212, 214 (9th Cir.1989), cert. denied, 110 S.Ct. 1496 (1990). A defendant is a career offender and subject to a enhanced sentence if:
 
 
 7
 (1) the defendant was at least eighteen years of age at the time of the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 8
 U.S.S.G. § 4B1.1. A crime of violence under the Guidelines includes any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another...." U.S.S.G. § 4B1.2. In determining whether an offense constitutes a "crime of violence," the district court must apply a categorical analysis by examining the statutory language defining the offense. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 111 S.Ct. 1118 (1991). The underlying circumstances of the offense of conviction are irrelevant for the purposes of determining career offender status. See id.
 
 
 9
 Here, Ralston argues that the instant offense of conviction for bank robbery under 18 U.S.C. § 2113(a) was not a "crime of violence" because he did not commit the robberies by force or violence. He contends that the district court should have considered Ralston's conduct, rather than relying on the elements of his offense. Nevertheless, our holding in United States v. Selfa, 918 F.2d 749 (9th Cir.), cert. denied,1 11 S.Ct. 521 (1990) indicates that bank robbery under section 2113(a) is a "crime of violence" for purposes of the career offender provisions in the Guidelines. Selfa, 918 F.2d at 751.[1] Accordingly, the district court did not err by classifying Ralston as a career offender. See id., 918 F.2d at 752.
 
 III
 Continuance
 
 10
 We review a decision to deny a continuance for an abuse of discretion. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1051 (9th Cir.1990). We will not reverse the district court's decision unless it is arbitrary or unreasonable. Id.; United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), amended by 764 F.2d 675 (1985). "[I]n order to obtain a reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request." Flynt, 756 F.2d at 1359.
 
 
 11
 Here, Ralston was convicted on April 4, 1990, a presentence report ("PSR") was submitted on May 14, 1990, Ralston filed objections to the PSR on May 25, 1990, and he was sentenced on June 4, 1990. Ralston requested a continuance at the sentencing hearing after the district court found Ralston to be a career offender. Ralston wished to explore the constitutionality of his underlying convictions.
 
 
 12
 Nevertheless, Ralston did not present any evidence to suggest that his prior convictions were invalid. He merely requested a continuance to allow time to review the convictions. At no time did Ralston explain why he could not have reviewed the convictions prior to sentencing. Cf. Gonzalez-Sandoval, 894 F.2d at 1052 (failure to show prejudice). The district court's decision to deny Ralston's request for a continuance was not arbitrary or unreasonable. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ralston argues that Selfa is not dispositive because it addresses only the status of predicate convictions used to define career offender status. No language in Selfa, however, suggests such a narrow reading, and we refuse to limit our decision in Selfa in such a manner