959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Linde HINKLE, Defendant-Appellant.
 No. 91-50141.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Hinkle appeals his sentence under the United States Sentencing Guidelines following his guilty plea to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Hinkle contends that the district court erred in sentencing him as a career offender. We review de novo the district court's application of the career offender provisions of the Guidelines. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 111 S.Ct. 1118 (1991). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The Sentencing Guidelines define career offender as follows:
 
 
 4
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 5
 U.S.S.G. § 4B1.1. The term "crime of violence" is defined as follows:
 
 
 6
 The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that--(i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential of risk of physical injury to another.
 
 
 7
 U.S.S.G. § 4B1.2(1).
 
 
 8
 Hinkle contends that the district court judge erred when he indicated that he did not have the authority to examine the facts underlying the predicate offenses to determine whether they were in fact "crimes of violence" under section 4B1.1. This contention is meritless. In determining whether a prior conviction is a crime of violence for purposes of the career offender provisions of the Guidelines, this court takes the "categorical approach" used by the Supreme Court for sentencing enhancements under the Armed Career Criminal Act (ACAA), and does not look to the specific conduct underlying the conviction, but only to the statutory definition of the crime. United States v. Sherman, 928 F.2d 324, 327 (9th Cir.), cert. denied, 112 S.Ct. 133 (1991); Becker, 919 F.2d at 570.
 
 
 9
 Next, Hinkle contends that the district court erred in sentencing him as a career offender because the legislative history indicates that the career offender provision was intended to punish large-scale criminal enterprises and the relatively few persons responsible for the great majority of crimes. No reason exists to refer to legislative history because the statute is clear on its face. See Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 808 n. 3 (1989).
 
 
 10
 Finally, Hinkle contends that the district court erred in sentencing him as a career offender because his prior convictions for robbery under California Penal Code § 211 and unarmed bank robbery under 18 U.S.C. § 2113(a) were not crimes of violence within the meaning of the Guidelines. This contention is also meritless.
 
 
 11
 A person convicted of robbing a bank "by force and violence" or "intimidation" under 18 U.S.C. § 2113(a) has committed a crime of violence under section 4B1.2.[1] United States v. Selfa, 918 F.2d 749, 751-752 (9th Cir.), cert. denied, 111 S.Ct. 521 (1990); United States v. McDougherty, 920 F.2d 569, 573 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991). A robbery in violation of California Penal Code § 211 constitutes a crime of violence under section 4B1.2. McDougherty, 920 F.2d at 573. Accordingly, the district court did not err in sentencing Hinkle as a career offender. See Selfa, 918 F.2d at 751-52; McDougherty, 920 F.2d at 573.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2113(a) consists of two paragraphs, and only the first paragraph, describing the taking or attempt to take property from a bank by force or intimidation, is a crime of violence. Selfa, 918 F.2d at 751-52 n. 2. The presentence report indicates that the defendant was convicted under the first paragraph of section 2113(a), which is, as a matter of law, a crime of violence in this circuit. See id. at 752