UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Luis LOPEZ, aka Jose Guadalupe Lopez–Ayon, et al., Defendant—Appellant.

No. 01–10701.

D.C. No. CR–01–00077–SRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Dec. 18, 2002.

---

Before TASHIMA, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM *

A jury convicted Jose Luis Lopez ("Lopez") of one count of conspiracy to possess with intent to distribute cocaine base under 21 U.S.C. §§ 841(a)(1), (b)(1)(a) and 846, one count of possession with intent to distribute heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of possession with intent to distribute heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i), and one count of possession with intent to distribute cocaine base under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Lopez appeals the sentence imposed under the career offender provision of the United States Sentencing Guidelines ("U.S.S.G."), § 4B1.1. Lopez also challenges the district court's failure to grant a downward departure. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm.

### I.

■ Lopez first contends that the government and the district court failed to comply with the procedural requirements of 21 U.S.C. § 851 and therefore the district court erred in applying the offender enhancement under § 4B1.1.[1] Lopez's argument is foreclosed by our decision in *United States v. McDougherty*, 920 F.2d

569 (9th Cir.1990). There we held that § 851 "applies when the government seeks to obtain the increased *statutory* penalties provided in 21 U.S.C. §§ 841–858 ... The career offender provision of the Guidelines, on the other hand, does not entail increasing the statutory penalties for the defendant's crime." *Id.* at 574.

■ Next Lopez contends that because the district court failed to comply with the notice requirements of § 851(b),[2] the district court erred in using the enhanced statutory penalties under § 841(b) to determine the offense level under U.S.S.G. § 4B1.1. Even assuming that the district court did not comply with § 851(b), Lopez's argument is unavailing. In determining the offense level for the career offender enhancement under § 4B1.1, Application Note 2 provides, in relevant part, that the "'Offense Statutory Maximum' ... refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." Application Note 2 further provides that if more than one count of conviction is a controlled substance offense, the district court is instructed to use the maximum authorized term of imprisonment for the count that

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Before the district court, Lopez raised two objections with respect to his sentencing enhancements. In his Objection to Presentence Report, Lopez objected to the career offender enhancement under § 4B1.1 because he claimed it amounted to an unconstitutional double punishment in violation of the Eight Amendment, the due process clauses of the Fifth and Fourteenth Amendments, and constituted double jeopardy. Lopez also objected to the two level enhancement for weapon possession under U.S.S.G. § 2D1.1 because he was acquitted of the weapon possession

charge at trial. The district court rejected the "double counting" arguments, and also rejected Lopez's challenge to the enhancement for weapon possession as moot because it did not change the guideline range. Because these issues did not encompass the issues Lopez raises on this appeal, we review his challenges here to the career offender enhancement for plain error. *United States v. Casarez–Bravo*, 181 F.3d 1074, 1078 (9th Cir. 1999).

2. When a district court fails to comply with the procedural requirements of § 851(b), it may not apply the statutory penalty enhancements under 21 U.S.C. § 841(b). *United States v. Garrett*, 565 F.2d 1065, 1071–72 (9th Cir.1977).

has the greatest offense statutory maximum. Here, of Lopez's four counts of conviction, the greatest offense statutory maximum un-enhanced sentence is life imprisonment for the violation of 21 U.S.C. § 841(a)(1) (Count I).[3] Under § 4B1.1 (b) an offense statutory maximum sentence of life corresponds to an offense level 37, the level used by the district court in determining Lopez's guideline sentencing range.

■ Lopez also claims that the government failed to provide the district court with sufficient evidence that he had been convicted of the necessary predicate offenses to establish that he qualified for career offender status under § 4B1.1. The basis for the district court's conclusion that Lopez should be treated as a career offender was the criminal history information contained in the presentence report. The presentence report stated that Lopez had two prior state felony convictions for controlled substance offenses: possession of narcotic drugs for sale in 1998, and attempted possession of narcotic drugs for sale in 1996. Because Lopez challenges only the sufficiency of the evidence, and not that his prior convictions were qualifying convictions, the district court did not err in relying on the presentence report to conclude that Lopez was a career offender. See United States v. Marin-Cuevas, 147 F.3d 889, 895 (9th Cir. 1998)(concluding that when the defendant did not deny the existence of his prior convictions but argued that the government failed to provide sufficient evidence of the convictions, the district court did not err in relying on the presentence report containing computerized criminal history information in determining criminal history points).

3. The penalties for a violation of 21 U.S.C. § 841(a)(1) are provided for at 21 U.S.C.

■ Lopez next contends that he was denied due process because he reasonably relied on the government's incorrect pretrial information in proceeding to trial. Lopez argues that he proceeded to trial on the basis of his reasonable belief that he would not be subjected to a career offender enhancement under the Sentencing Guidelines. We rejected a similar argument in United States v. Selfa, 918 F.2d 749 (9th Cir. 1990). There we concluded that a defendant need not be advised at the time of his plea that he could be sentenced as a career criminal. Id. at 752.

## II.

■ After sentencing, the district court commented on how harsh the penalties were in this case, stating that

> [i]t is an extremely long sentence for a person of Mr. Lopez['s] age, but Mr. Lopez has shown himself to be involved repeatedly in the possession with intent to distribute illegal drugs, not just in this case as found by the jury's conviction of these four counts, but also based on his criminal history which includes a conviction in 1996 for attempted possession of narcotic drugs for sale involving heroin and possession of narcotic drugs for sale in 1998, again involving heroin.

Lopez construes this as a statement by the district court that it did not have discretion to depart downward from the guideline range because Lopez was classified as a career offender. Not only does Lopez mischaracterize the district court's statement, he also failed to request a downward departure. Under these circumstances, he has waived any claim that the district court erred in failing to depart. See United States v. Quesada, 972 F.2d 281, 283–84 (9th Cir.1992) (determining that because

§ 841(b)(1)(A).

the appellant failed to present the departure issue to the district court, we deemed the issue waived and did not consider the appellant's request at argument to remand the case for the district court to consider whether it wished to exercise its discretion to depart downward).

AFFIRMED.

\* This disposition is not appropriate for publication and may not be cited to or by the courts