**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10156 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00221-APG-CWH-1 |
| v. | |
| ANTHONY JORDAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before: W. FLETCHER, FUENTES,** and RAWLINSON, Circuit Judges.

Defendant Anthony Jordan appeals his convictions for aiding and abetting

the use, carry, or brandishing of a firearm during and in relation to three bank

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Julio M. Fuentes, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

robberies, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Jordan challenges the sufficiency of the evidence supporting his firearm convictions under § 924(c). We review *de novo* challenges to the sufficiency of the evidence supporting a conviction. *United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010). We "view[] the evidence produced at trial in the light most favorable to the prosecution" and consider whether the evidence "is sufficient to allow any rational juror to conclude that the government has carried its burden of proof." *United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010) (en banc).

Jordan argues that the government failed to prove that he had foreknowledge that his co-robber would use, carry, or brandish a firearm during the course of the robberies. Viewing the evidence in the light most favorable to the government, a rational juror could find beyond a reasonable doubt that Jordan had the requisite knowledge. Jordan's partner in the robberies, Marquee Munerlyn, testified that Jordan knew Munerlyn would carry, and possibly brandish, a firearm. In addition, the jury heard evidence that Jordan had participated in six earlier robberies with Munerlyn and that Munerlyn had carried a gun during all of the robberies and brandished a gun during some of them. This evidence was sufficient to sustain Jordan's convictions under § 924(c).

Second, Jordan argues that bank robbery under 18 U.S.C. § 2113(a) is not categorically a crime of violence within the meaning of § 924(c)(3)(A) and that his § 924(c) convictions must therefore be set aside.[1]  Because Jordan failed to object before the district court to the use of his bank robbery convictions as predicate crimes for the § 924(c) charges, we review for plain error. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011) (applying the plain error standard where the defendant failed to object to the characterization of his prior conviction as a "crime of violence").  Under the plain error standard, "the appellant must show that: (1) there was error; (2) the error committed was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 428.  In order for an error to be plain, it must at least be "clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993).

Under our current case law, § 2113(a) bank robbery categorically qualifies as a "crime of violence" under § 924(c)(3)(A). *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).  *Johnson v. United States*, 559 U.S. 133 (2010), *Johnson v. United States*,

---

[1] Because we conclude that Jordan's bank robbery convictions qualify as crimes of violence under the "elements clause" of § 924(c)(3), we need not reach his argument that the "residual clause," § 924(c)(3)(B), is unconstitutionally vague.

135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), have not so clearly displaced our earlier precedents as to warrant plain error reversal.

Finally, Jordan argues that his 730-month sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. We review *de novo* the constitutionality of a sentence under the Eighth Amendment. *United States v. Hungerford*, 465 F.3d 1113, 1116 (9th Cir. 2006). Jordan's argument is foreclosed by circuit precedent. *Id.* at 1118.

**AFFIRMED.**