**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GREGORY LYNN CROSS, AKA George
Chapman, AKA George Lamar Chapman,
AKA George Lemar Chapman, AKA
George Lamar Cros, AKA George Lamar
Cross, AKA George Lamor Cross, AKA
George Leon Cross, AKA Greg Cross,
AKA Greg Davis, AKA Chapman George,
AKA Chapman George Lamar,

Defendant-Appellant.

No.    15-50458

D.C. No.
2:15-cr-00046-ODW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 9, 2017[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN and OWENS, Circuit Judges, and CHRISTENSEN,[***] Chief District Judge.

Gregory Cross (Cross) appeals from his 120-month sentence for unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Cross argues that the district court erred in applying the career offender guideline under U.S.S.G. § 4B1.1 because his convictions for unarmed bank robbery do not categorically qualify as crimes of violence within the meaning of U.S.S.G. § 4B1.2. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

We held in *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990), that unarmed bank robbery in violation of § 2113(a) constitutes a crime of violence under the "force clause" of U.S.S.G. § 4B1.2 and within the meaning of § 4B1.1. Similarly, we held in *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000), that armed bank robbery in violation of § 2113(a) & (d) constitutes a crime of violence within the meaning of 18 U.S.C. § 924(c). No intervening authority has overruled these precedents.

Contrary to Cross's arguments that unarmed bank robbery does not require violent force or intentional conduct, "intimidation" under § 2113(a) requires the

---

[***] The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

2

necessary level of violent physical force as defined by *Johnson v. United States*, 559 U.S. 133, 140, 143 (2010). Furthermore, as a general intent statute, conviction under § 2113(a) requires intentional use or threatened use of force and therefore does not conflict with *Leocal v. Ashcroft*, 543 U.S. 1, 8-11 (2004), or *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1123 (9th Cir. 2006) (en banc). *See Carter v. United States*, 530 U.S. 255, 268 (2000) (holding that § 2113(a) "requir[es] proof of general intent" (emphasis omitted)). Accordingly, no "intervening higher authority" is "clearly irreconcilable" with *Selfa* and *Wright*, and those precedents are controlling here. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

Therefore, the district court did not err in applying the career offender guideline, because Cross's conviction under § 2113(a) qualified as a crime of violence under the guidelines.[1]

**AFFIRMED.**

---

[1] Because unarmed bank robbery qualifies as a crime of violence under § 4B1.2(a)(1), we do not reach the parties' arguments regarding the commentary to that provision. We have, however, stated that the commentary's language supports the conclusion that unarmed bank robbery is a crime of violence. *See Selfa*, 918 F.2d at 751.