**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50278 |
| Plaintiff-Appellee, | D.C. No. 8:08-cr-00267-CJC-2 |
| v. | |
| JOSEPH GRANSON PRITCHARD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50356 |
| Plaintiff-Appellee, | D.C. No. 8:08-cr-00267-CJC-3 |
| v. | |
| RONNIE JOSEPH JOHNSON, AKA Ronnie Johnson, Jr., | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50360 |
| Plaintiff-Appellee, | D.C. No. |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

v.

RONNIE JOSEPH JOHNSON, AKA
Ronnie Johnson, AKA Ronnie Johnson,
Jr.,

      Defendant-Appellant.

2:99-cr-01214-CJC-1

Appeals from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 9, 2017[**]
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges, and CHRISTENSEN,[***]
Chief District Judge.

Defendants-appellants Ronnie Johnson (Johnson) and Joseph Pritchard

(Pritchard) (collectively, defendants), appeal from their convictions and sentences

for (1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371;

(2) armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d)-(e); and (3) using

a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Johnson

also appeals from the revocation of his supervised release.  Because the parties are

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

2

familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. The district court did not err in admitting the government's DNA expert's testimony regarding random match probabilities. Defendants argue that the expert, Jeanne Putinier (Putinier), served as a "conduit for hearsay evidence," in violation of Federal Rule of Evidence 703. However, Putinier's testimony did not introduce hearsay material. Putinier did not simply report the conclusions of other scientists; rather, she "appli[ed] [her] training and experience to the sources before [her] and reach[ed] an independent judgment." *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013) (quoting *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009)). Accordingly, Putinier's testimony constituted permissible expert opinion testimony. Furthermore, even if it was hearsay, the probative value of this testimony substantially outweighed any prejudicial effect, as it allowed the jury to properly weigh Putinier's additional expert testimony (which defendants do not challenge).

Accordingly, regardless of the applicable standard of review, there is no basis on which to conclude that the district court plainly erred or abused its discretion in admitting Putinier's testimony regarding random match probabilities.

2. Pritchard's argument that his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) must be reversed because armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3) is subject to plain error review, and is unavailing. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011); *see also United States v. Walls*, 784 F.3d 543, 546 (9th Cir. 2015) (plain error standard of review). We have twice held that armed bank robbery in violation of § 2113(a) qualifies as a crime of violence. *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). Pritchard fails to show that any intervening authority is "clearly irreconcilable with" or has overruled these authorities. *Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

The requirement of "violent force" under *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis omitted), is not inconsistent with our clear statement that the element of "intimidation" is "sufficient to meet the . . . requirement of a 'threatened use of physical force.'" *Selfa*, 918 F.2d at 751 (citation omitted); *see also* 18 U.S.C. § 924(c)(3). Additionally, a conviction under § 2113(a) requires a showing of general intent, and therefore requires that any "intimidation" and threatened use of force be intentional. Therefore, under our precedents, Pritchard's

4

conviction under § 2113(a) & (d) was for a predicate crime of violence, and his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) is affirmed.

3. Johnson's conviction under 18 U.S.C. § 924(c)(1)(A)(ii) is also affirmed, as it was supported by sufficient evidence under a valid theory of liability. First, viewing the evidence of aiding and abetting the brandishing in the light most favorable to the prosecution, there was sufficient evidence to allow a rational trier of fact to convict. *See United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011). The evidence established that Johnson was present when the co-conspirators planned a robbery that necessarily involved displaying or making known the presence of the gun to intimidate and control the bank employees and customers during the robbery. He not only had "advance knowledge" that the firearm would be brandished, but he also aided in the brandishing by helping plan the robbery and furnishing the pistol used in the robbery. *Rosemond v. United States*, 134 S. Ct. 1240, 1243, 1247-50 (2014).

Second, if Johnson's claim that he could not be convicted on a theory of co-conspirator liability under *Pinkerton v. United States*, 328 U.S. 640, 647 (1946), is reviewable, it is reviewable only for plain error, and it fails. Johnson seems to argue that the government was required to allege that brandishing the firearm was an object of the conspiracy; however, he provides no relevant authority to support

this proposition. Moreover, he acknowledges that we have repeatedly affirmed convictions similar to his under 18 U.S.C. § 924(c). *See, e.g., United States v. Carter*, 560 F.3d 1107, 1110, 1113 (9th Cir. 2009); *United States v. Allen*, 425 F.3d 1231, 1233-34 (9th Cir. 2005); *United States v. Fonseca-Caro*, 114 F.3d 906, 907-08 (9th Cir. 1997) (per curiam). There is no indication that the district court erred by instructing the jury that Johnson could be convicted under a *Pinkerton* theory of liability, or that any such error was "clear or obvious." *Walls*, 784 F.3d at 546.

Accordingly, Johnson's conviction under 18 U.S.C. § 924(c)(1)(A)(ii) is affirmed.

4. The district court did not clearly err by applying a two-level sentencing enhancment for reckless endangerment during flight pursuant to U.S.S.G. § 3C1.2 when calculating Pritchard's guidelines range. *See United States v. Reyes-Oseguera*, 106 F.3d 1481, 1482 (9th Cir. 1997) ("We review the district court's findings of fact underlying a sentencing decision for clear error."). Pritchard acknowledges that his co-conspirator's driving during the getaway chase that followed the robbery constituted reckless endangerment, but he argues that (1) he cannot be held personally responsible for the reckless driving, or for aiding and abetting it, and (2) his own conduct during the escape was not reckless

6

endangerment. The district court did not, however, hold Pritchard responsible for the getaway driver's conduct. Instead, the district court evaluated Pritchard's own conduct. In particular, Pritchard's throwing of money out of the car as it drove at high speeds on the highway, his bringing the gun into the car and handing it to Johnson, and his flight into a crowded mall after the car crashed all supported the district court's finding that the enhancement applied. *See id.* at 1483-84 (finding reckless endangerment under circumstances that "recklessly created a substantial risk to the motoring public . . . of collisions and injury"). In light of this conduct, Pritchard fails to show that the district court's application of the enhancement was clearly erroneous, and his sentence is affirmed.

5. Finally, the district court did not abuse its discretion by imposing a consecutive 24-month term of imprisonment for Johnson's violation of supervised release. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (holding that we review sentencing decisions for abuse of discretion, and will only reverse "a procedurally erroneous or substantively unreasonable sentence"). Johnson contends that the consecutive 24-month sentence for violating the terms of his supervised release by committing the instant offenses, in light of the 294 month sentence imposed for those offenses, is substantively unreasonable and punishes him twice for the same conduct. Johnson provides no basis, however, for us to

7

find that under "the totality of the circumstances," the sentence is substantively unreasonable. *Id.*

Instead, the guidelines provide that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f). In light of (1) the serious nature of the crime, (2) Johnson's role in the crime, (3) his criminal history, (4) his violation of his supervised release by committing the same crime so soon after release from imprisonment, and (5) his conduct following arrest, the district court's imposition of a consecutive sentence for the supervised release violation does not constitute an abuse of discretion. Johnson's sentence is therefore affirmed.

**AFFIRMED.**