**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-16138 |
| Plaintiff-Appellee, | D.C. Nos.<br>1:16-cv-00107-LEK-KJM<br>1:10-cr-00174-LEK-01 |
| v. | |
| MICHAEL JAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E.  Kobayashi, District Judge, Presiding

Argued and Submitted October 10, 2017
Honolulu, Hawaii

Before:  SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Defendant-Appellant Michael Jay appeals the district court's denial of his

motion under 28 U.S.C. § 2255 challenging his sentence following his guilty plea

to Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2; using a firearm

during and in relation to a crime of violence, in violation of 18 U.S.C. §§

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

924(c)(1)(B)(i) and 2; and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Our appellate jurisdiction rests on 28 U.S.C. §§ 1291 and 2255, and we **AFFIRM**.

Jay contends Hobbs Act Robbery is not a "crime of violence" within the meaning of 18 U.S.C. § 924(c). Our Court has held it is. *See United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). Jay asks, however, that we overrule *Selfa* and the cases following it. We cannot do so. We are bound by Circuit precedent unless overruled or undermined by an en banc decision of this Court or a decision of the United States Supreme Court. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003).

Jay suggests *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013) is such intervening higher authority. But *Moncrieffe* does no more than require us to look to the least of the conduct proscribed by the statute, not to the conduct the defendant actually committed, and determine "whether even those acts are encompassed by the generic federal offense." *Moncrieffe*, 133 S.Ct. at 1684 (citations omitted); *see also Selfa*, 918 F.2d at 751 (holding "the elements of the crimes of which the defendant was previously convicted, and not the particular conduct of the defendant on the day the crimes were committed," controls the Court's analysis). Under *Selfa* and the language of the statute, Hobbs Act Robbery

2

requires force or intimidation and does not countenance violation by means of conduct that is essentially passive. *See* 18 U.S.C. § 1951(b)(1) (defining "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property"); *Selfa*, 918 F.2d at 751 ("intimidation," defined as willfully taking or attempting to take in such a way "that would put an ordinary, reasonable person in fear of bodily harm," meets the requirement of a "threatened use of physical force") (internal quotation marks and citations omitted).

Jay's challenge to his designation as a Career Offender under the Guidelines also fails. Jay's argument that the Career Offender provision's residual clause is void for vagueness is foreclosed by *Beckles v. United States*, 137 S.Ct. 886, 890 (2017). The district court correctly held that Jay's prior convictions for Assault in the First Degree were crimes of violence so he was properly sentenced as a career offender under U.S.S.G. § 4B1.1.

**AFFIRMED.**