FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-56858 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01561-CAB |
| v. | 3:96-cr-00331-CAB-1 |
| AARON SCOTT PRUETT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted October 5, 2017
Pasadena, California

Before: GRABER, MURGUIA, and CHRISTEN, Circuit Judges.

Defendant Aaron Scott Pruett timely appeals the district court's denial of his

motion filed pursuant to 28 U.S.C. § 2255. Reviewing de novo, United States v.

Swisher, 811 F.3d 299, 306 (9th Cir. 2016) (en banc), we affirm.

Defendant pleaded guilty, in 1996, to armed bank robbery, in violation of 18

U.S.C. § 2113(a), (d), and to using and carrying a handgun during the robbery, in

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violation of 18 U.S.C. § 924(c)(1). Because of two previous convictions for robbery in violation of California Penal Code section 211, the court sentenced him as a career offender under U.S.S.G. § 4B1.1. He now argues that, applying Johnson v. United States, 135 S. Ct. 2551 (2015), the residual clauses of the then-applicable versions of 18 U.S.C. § 924(c)(3) and U.S.S.G. § 4B1.2(1) are unconstitutionally vague.

In 1990, we had held that a conviction for federal bank robbery qualifies as a "crime of violence" because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990). And in 1994, we had held that "a violation of California Penal Code section 211 includes the element of threatened use of physical force against the person of another." United States v. David H., 29 F.3d 489, 494 (9th Cir. 1994) (per curiam) (internal quotation marks omitted). In other words, in 1996, Defendant's armed robbery conviction and his previous California robbery convictions met the definitions of "crime of violence" apart from the residual clauses that he now challenges. See 18 U.S.C. § 924(c)(3)(A) (1996) (defining "crime of violence" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"); U.S.S.G. § 4B1.2(1)(i) (1996) (defining "crime of violence" as a crime

that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). There is no suggestion in the record that the district court or the parties nevertheless considered the residual clauses. Accordingly, this is not a situation in which "it is unclear from the record whether the sentencing court relied on the residual clause." United States v. Geozos, 870 F.3d 890, 895 (9th Cir. 2017). Because his conviction and sentence did not implicate the residual clauses, the Supreme Court's later decisions concerning the constitutionality of a residual clause are of no moment, and Defendant cannot establish that his petition is timely under 28 U.S.C. § 2255(f)(3).

**AFFIRMED.**

*United States v. Pruett*, No. 16-56858

CHRISTEN, Circuit Judge, concurring:

I concur in the result. I respectfully depart from the majority because in my view, the state of the law at the time a sentence is imposed does not always bear on the timeliness of a criminal defendant's challenge to his or her sentence. Were the Supreme Court's jurisprudence to evolve such that a defendant's sentencing enhancement under the *pre*-Booker career offender guideline could no longer be supported by the force clause *or* the residual clause, that defendant should not be precluded from§ 2255 relief on account of the clause ostensibly invoked at the time of his or her sentencing. To illustrate, consider a hypothetical situation where:

> The Supreme Court applies the categorical or modified categorical approach to abrogate a longstanding holding of this court that a certain crime qualifies as a crime of violence under the force clause of the career offender guideline. Although an affected criminal defendant was sentenced—before 2005—under the force clause, she does not immediately file a § 2255 motion because her crime remains a crime of violence under the residual clause. Then the Supreme Court declares the residual clause of the pre-*Booker* career offender guideline unconstitutionally vague,[1] and the defendant brings her first § 2255 motion.

I fear that the majority's holding might be taken to suggest that because the defendant's crimes of conviction were undoubtedly crimes of violence under the force clause *at the time of sentencing*, her sentence does not implicate the residual

---

[1] This possibility was left open by *Beckles v. United States*, 137 S. Ct. 886 (2017).

clause and she may not benefit from the Supreme Court's later decision invalidating the residual clause. As I see it, the text of § 2255(f)(3) imposes no such barrier to relief.[2]

I would dispose of this appeal on the grounds that Pruett has not demonstrated that his sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Pruett's convictions under California Penal Code § 211 and 18 U.S.C. § 2113(a),(d) all qualify as crimes of violence under the force clause of U.S.S.G. § 4B1.2(1) because they have "as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Chavez-Cuevas*, 862 F.3d 729 (2017); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). For the same reason, his conviction under 18 U.S.C. § 2113(a),(d) satisfies the predicate for criminal liability under 18 U.S.C. § 924(c)(1). *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000). No intervening authority has undermined our holdings that California robbery and federal armed robbery are crimes of violence under U.S.S.G. § 4B1.2(1) and 18 U.S.C. § 924(c)(3)'s force clauses.

In sum, even if we assume, for the sake of argument, that the residual

---

[2] The same argument applies to a conviction that could rest on either a force clause or a residual clause.

clauses in U.S.S.G. § 4B1.2(1) and 18 U.S.C. § 924(c)(3) are indistinguishable from the one invalidated in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), Pruett is not entitled to relief under 28 U.S.C. § 2255(a) because his convictions under California Penal Code § 211 and 18 U.S.C. § 2113(a),(d) remain crimes of violence under this circuit's case law.