NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10208 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00137-AWI-BAM-1 |
| v. | |
| MICHAEL BRANDON KIPER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted January 16, 2019**
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and ADELMAN,*** District Judge.

Michael Kiper appeals his conviction and 180-month sentence following his guilty plea to receipt of child pornography. He argues the Rule 11 plea colloquy

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

was deficient and his sentence unreasonable because – unbeknownst to Kiper, his attorney, and the court at the time of the plea – a sentencing guideline cross-reference increased the applicable sentence. We affirm.

1. The Rule 11 colloquy was not deficient, let alone plain error. The court, for its part, did exactly what it was supposed to: it advised Kiper "of the maximum statutory penalty and of the implications of sentencing under the Sentencing Guidelines." *See United States v. Selfa*, 918 F.2d 749, 752 (9th Cir. 1990). Specifically, it correctly informed Kiper that the receipt statute set a maximum of 20 years imprisonment, that the court would later determine a reasonable sentence based on the guideline range and any reasons later given for varying from that range, and that Kiper's sentence may differ from any estimate given by his attorney. Kiper confirmed he understood. Although Rule 11 requires the court to state the maximum possible statutory penalty, "the district court regrettably is usually not in a position at the time of a plea to advise the defendant with any precision as to the range within which the sentence might fall." *Id.* And even if there were any error associated with the plea colloquy, such error was not plain where Kiper was sentenced to 15 years after being advised that the maximum sentence was 20 years. *See United States v. Morales-Robles*, 309 F.3d 609, 611 (9th Cir. 2002).

Nor did Kiper's attorney's advice that the wrong Guidelines range applied, also given while unaware of the cross-reference, affect the adequacy of the plea colloquy. "[I]t is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea." *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990). Nor does Kiper identify any requirement that a court or attorney warn a defendant of potential sentencing enhancements at the time of a plea.

Finally, Kiper's argument that the Rule 11 colloquy was deficient because the court did not elicit the factual basis from Kiper himself fails. Rule 11 does not prescribe any particular way for a court to determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11 advisory committee's note to 1974 amendments. The only requirement is that "it must be established on the record that there is sufficient evidence to support the conclusion that the defendant is guilty." *United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983). The court did so here after reciting the elements and discussing the factual basis with Kiper.

2. Kiper's sentence was not unreasonable or procedurally erroneous. Kiper argues the court should not have applied the cross-reference because it related to a charge the government dismissed. But the Sentencing Guidelines "make clear that a cross-reference may be applied on the basis of relevant conduct alleged on

charges dismissed pursuant to a plea agreement." *United States v. Speelman*, 431 F.3d 1226, 1231 (9th Cir. 2005) (citing U.S.S.G. § 6B1.2(a)); *see United States v. Wright*, 373 F.3d 935, 945 (9th Cir. 2004).

Nor was Kiper's sentence essentially unfair or unreasonable under the facts of the case. The district court thoroughly considered the facts of Kiper's case, and the sentence – less than the maximum the court and his attorney advised would apply – was not unfair or unreasonable. The district court did not err or abuse its discretion in applying the cross-reference.

3. To the extent Kiper raises an ineffective assistance of counsel claim, we decline to consider it at this stage because the record is not sufficiently developed. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

**AFFIRMED.**